Williams, J.
 

 The record presents two questions for determination. First: Did the Court of Appeals err in holding that the petition did not state facts
 
 *264
 
 sufficient to constitute a cause of action and entering final judgment in favor of the defendant? Second: Were the plaintiffs entitled to a judgment in their favor notwithstanding the verdict?
 

 The petition contains all formal allegations necessary to show that the decedent was an employee of the defendant company at the time he was killed; that the defendant was then a corporation engaged in selling motor car fuels and petroleum products at retail; that the defendant was a self-insurer liable for payment of compensation and death benefits to the plaintiffs as dependents of decedent, provided his death occurred in the course of and arose out of his employment; that the plaintiffs made application for compensation and death benefits under the Workmen’s Compensation Law of Ohio; and that the claim was disallowed.
 

 The allegations in the petition further show that the decedent was employed as an attendant at defendant’s gasoline station in Middletown, Ohio; that the rules of the company required the decedent to place himself near the gasoline pumps in a position adjacent to any automobile which might drive .up to the pumps and to render any service or courtesy requested of him by persons coming into the filling station, including the changing of money; that on the 12th day of April, 1931, one John Ohlinger, an insane person, rode into the filling station in a taxicab which was brought to a stop at a point convenient to take gas from one of defendant’s pumps; that thereupon Ohlinger requested decedent to change a ten-dollar bill; that decedent, pursuant to a rule of the defendant, proceeded to make change from a changing device which he wore and from bills in his pocket; and that, upon receiving part of the change from decedent, Ohlinger handed the taxicab driver fifteen cents, stepped out of the taxicab and, as the taxicab was leaving the filling station, Ohlinger, by reason of his insane condition and the
 
 *265
 
 means and manner of the decedent in changing money, shot and killed the decedent while he was still in the act of making change.
 

 There is a dearth of authority involving the precise facts shown by this pleading, and yet the general principles that govern the legal rights of the parties are very well settled. If the decedent had been killed by another purely out of personal spite or by an insane person who was not in any sense a customer or patron a different question would be presented. Therefore, cases involving such factual situations have no direct bearing on the question at hand and may be eliminated from consideration.
 

 The nature of the decedent’s employment was not unusual. It is common for shoppers to enter retail stores and similar places of business for the purpose of looking at goods and getting accommodations and it is the duty of clerks to show such prospective customers proper attention and treat them in such a way that the business of the employer will be encouraged. In showing goods and extending accommodations under such circumstances, the attending employee is in the service of the employer even though no sale is made.
 

 In passing on the sufficiency of the petition, its allegations must be taken to be true. The insane man went to the filling station for the express purpose of getting his money changed; otherwise he would not have gone. In serving him the deceased attendant encountered a hazard forced upon him by the performance of duty and different from that incurred by persons generally who might be upon the street or in the vicinity. Essentially his wound and ’ resulting death were incurred in the course of and arose out of the employment. Consequently the petition stated facts sufficient to constitute a cause of action and the Court of Appeals erred to the prejudice of plaintiffs in entering final judgment for the defendant.
 

 
 *266
 
 The question, whether the trial court should have sustained plaintiffs’ motion for judgment notwithstanding the verdict, in accordance with Section 11601, General Code, requires an examination of defendant’s answer and the proceedings of the trial court with reference thereto.
 

 The answer admits the corporate capacity of the defendant and the nature of its business; that the defendant, prior to 1931, had duly elected to pay compensation and medical expenses direct to injured employees, and death benefits direct to dependents of killed employees; that such election had been approved by the Industrial Commission of Ohio and continued and was in full force and effect during the whole year of 1931; that on and prior to the 12th day of April, 1931, Grant Shoemaker was a regular employee as attendant and servant in the defendant’s gasoline station; that on the 12th day of April, 1931, John Ohlinger shot and billed Grant Shoemaker; that thereafter the plaintiffs made application for compensation and death benefits under the Workmen’s Compensation Law of Ohio; and that the claim was disallowed. The answer admits no other facts pertaining to the causal relation between the employment and decedent’s death, and the only denial therein is as follows: “Defendant specifically denies that Grant Shoemaker was brought to his death by reason of his employment.” While this denial is nothing more than a denial of a legal conclusion, yet, as indicated, the answer did not admit the controlling facts of the petition and no motion or demurrer attacking the answer was filed by plaintiffs. In the absence of a bill of exceptions every presumption arises in favor of the regularity of all the proceedings in the trial court. It must be assumed on review that the trial court and parties to the action treated the answer as containing a denial of all the material allegations of the petition not admitted to be true, and that the issue of fact as to
 
 *267
 
 whether there was a causal relation between decedent’s death and the employment was properly submitted to the jury. In point of fact there was no other issue which feould have been submitted.
 

 In our judgment the situation is the same as in a case where there is no reply to the new matter set up in the answer as constituting a defense. When, in such a case, the cause is tried as if the new matter were denied by a reply, a demand for judgment on the pleadings after each party has introduced its evidence comes too late.
 
 Lovell
 
 v.
 
 Wentworth, 39
 
 Ohio St., 614.
 

 The plaintiffs, having permitted the trial to proceed upon the theory that there was an issue of fact and having raised no question as to the defendant’s answer until the evidence was in and the verdict returned, should not be permitted to prevail now in their contention. The objections of the plaintiffs to the form of answer did not come in time to be of any avail.
 

 The trial court did not err in overruling plaintiff’s motion for judgment notwithstanding the verdict.
 

 For prejudicial error in holding the petition insufficient and entering final judgment for defendant, the judgment of the Court of Appeals will be reversed and the cause remanded to the Court of Common Pleas for a new trial.
 

 Judgment reversed and cause remanded.
 

 Weygandt, C. J., Day, Zimmerman, Myers, Matthias and Hart, JJ., concur.