## Ferrugia v. Ferrugia
### [Cite as 3 AOA 59]

*Case No. 11905, 11879*
*Montgomery County (2nd)*
*Decided May 31, 1990*

*G. Jack Davis, Jr., 424 Patterson Road, Dayton, Ohio 45419, Attorney for Plaintiff-Appellee.*

*Will Frazee, 31 West Franklin Street, Centerville, Ohio 45459, Attorney for Defendant-Appellant.*

GRADY, J.

This matter is a consolidated appeal in which Appellant Vincent A. Ferrugia contests two decisions of the trial court denying his motion to modify a child support order and finding him in contempt for failing to observe several provisions of the Final Decree of Divorce.

In Case No. 11879, the trial court denied Appellant's motion to modify child support, finding that he had not shown a substantial change in circumstances.

In Case No. 11905, the trial court found Appellant in contempt for violating the provisions of the final decree relating to child support and payment of medical expenses, division of a joint account, and transfer of a real property note. Appellant was also ordered to turn over savings passbooks. The trial court ordered Appellant to serve thirty days in the Montgomery County Jail for each violation.

Appellant presents eleven assignments of error alleging generally that the trial court abused its discretion and found against the manifest weight of the evidence in rendering its decisions in both cases. Ellen Ferrugia did not file a brief and therefore, pursuant to App. R. 18(C), we accept Appellant's statement of the facts and issues as correct.

For reasons explained below, we vacate the trial court's contempt finding raised in Appellant's assignment of error six in Case No. 11905 (Failure to transfer possession of the passbooks). We sustain the decision of the trial court in all other respects in Case Nos. 11879 and 11905.

### I.
### *Factual Posture*

On June 10, 1988, Ellen Ferrugia filed a divorce complaint alleging that Appellant was guilty of neglect and extreme cruelty. On December 22, 1988, the trial court found for Ellen Ferrugia and granted a final decree of divorce.

The decree awarded custody of the couple's children to Ellen Ferrugia and ordered Appellant to pay $286 per month in child support plus one-half of the children's medical expenses. The decree also awarded Ellen Ferrugia one-half of the couple's joint account at Monarch Credit Union, a sum of about $7,000, along with $10,000 real property note. The decree divided the marital estate and ordered Ellen Ferrugia to draw-up two equal lists of personal property. Appellant was then to choose one of the two lists and receive that property. Appellant, for his part, received most of the couple's real estate holdings. The court did not order alimony payments but retained jurisdiction to modify its decree.

On January 9, 1989, Appellant filed a five branch motion for orders to show cause why Ellen Ferrugia should not be held in contempt of court for failure to comply with the final decree. Pursuant to Local Rule 4.17, Court of Common Pleas of Montgomery County, Domestic and Juvenile Divisions, Appellant requested that a record of the proceedings before the referee be made. However, no transcript or record of the proceedings was presented with this appeal.

On February 24, 1989, Ellen Ferrugia filed a seven branch motion for orders to show cause why Vincent should not be held in contempt of court. Her motion sought to hold Appellant in contempt for not paying child support, not covering one-half the medical expenses of the children, not delivering one-half of the proceeds of the

Monarch Credit Union account, not delivering the $10,000 real property note, and improperly retaining possession of the children's savings passbooks. Ellen Ferrugia also sought reasonable attorney's fees.

Both parties' contempt motions were heard together by a referee. (Case No. 11905). The referee's report and recommendation recommended that Vincent be held in contempt of court for a $224.71 child support arrearage. No one from the Support Enforcement Agency testified to an arrearage nor were any records of the Agency entered into evidence at the hearing. The referee also recommended that Appellant be ordered to pay Ellen Ferrugia $1,100 to make-up the difference between the $5,900 she received and the $7,000 allegedly due from the joint Monarch Credit Union account. The report further recommended Appellant be ordered to turn over possession of the children's savings passbooks and a $10,000 note on real property to Ellen Ferrugia. Finally, the referee recommended Appellant be held in contempt on each branch of Ellen Ferrugia's motion and recommended a sentence of 30 days in jain on each contempt finding. Appellant duly filed objections to the referee's report and recommendation.

On April 18, 1989, Vincent filed a motion to modify child support, alleging a substantial change in circumstances; namely, a significant decline in income. (Case No. 11879) The accompanying affidavit stated that Appellant experienced about a $9,000 decline in income. The motion was heard by a referee. During cross-examination, Appellant admitted that the value of his investments and real estate holdings had largely not changed, but that he was experiencing considerable difficulty in collecting amounts due him. The referee concluded that Appellant had not met his burden of proving a substantial change in circumstances. The referee also found a new child support arrearage of $295.53. Again, no one from the Support Enforcement Agency testified to the arrearage nor were any records of the Agency entered into evidence. Appellant duly filed objections to the report.

On September 21, 1989, the trial court issued a decision in Case No. 11879 that adopted the referee's report and recommendation concerning the motion to modify child support. The court found no substantial change in circumstances. The court overruled Appellant's objection to the report.

On October 27, 1989, the trial court issued a decision in Case No. 11905 that adopted the referee's report and recommendation concerning the motions for contempt. The court found Appellant in contempt for failing to pay $224.71 in child support, for failing to pay Ellen Ferrugia $1,100 to complete the division of funds in the joint Monarch Credit Union account, for failing to transfer a $10,000 note on real property, and for failing to transfer to Ellen Ferrugia possession of the children's savings passbooks. The court ordered Appellant to serve 30 days in the Montgomery County Jail on each contempt finding unless he complied with orders of the court. Finally, the court granted Ellen $200 in attorney fees which it found to be reasonable.

Vincent Ferrugia filed a timely notice of appeal from both decisions raising a total of eleven assignments of error. Several of Appellant's assignments of error raise the same or similar questions so, where possible, we shall examine such issues together. We have distilled all the alleged errors into three basic groupings.

II.

*Children's Passbooks*

Appellant's sixth assignment of error in Case No. 11905 challenges the trial court's finding of contempt based on his failure to deliver to Ellen Ferrugia the children's passbooks. Appellant argues that nothing in the final decree stated who should retain the passbooks and thus the trial court's contempt finding was an abuse of discretion. We agree.

Contempt of court is a disregard of, or disobedience to a legitimate order or command of the court. Cf., *Windham Bank* v. *Tomaszczyk* (1971), 27 Ohio St.2d 55. Civil contempt proceedings are available where a party's failure to follow an order of the court injures the opposing party. *Windham Bank, supra; Beach* v. *Beach* (1955), 99 Ohio App. 428. A civil contempt proceeding is instituted to preserve or enforce the rights of private parties and is, therefore, coercive and remedial by nature. *Haas* v. *Jennings* (1929), 120 Ohio St. 370. Before a party can be found in contempt of court, it is necessary that he violate a valid order of the court. Because contempt powers interfere with personal liberty, the underlying order must be strictly construed. *Hass, supra.* A finding of contempt absent a valid underlying order is "unreasonable, arbitrary or unconscionable," *Blakemore* v. *Blakemore* (1983), 5 Ohio St.3d 217, 219, and thus an abuse of discretion.

Here Appellant was held in contempt for failing to transfer custody of the children's savings passbooks to Ellen Ferrugia. However,

Appellant could only be found in contempt if (1) the final decree ordered him to turn over the passbooks or it could be reasonably concluded that this was necessary to effectuate the terms of the final decree, or (2) the court later ordered Appellant to turn over the passbooks and he refused to comply with the order. As the trial court correctly noted in its decision, however, the divorce decree was completely silent on this matter. The court nevertheless ordered Appellant to turn over the passbooks to Ellen Ferrugia and then simultaneously held him in contempt for failing to do so.

Notwithstanding the decree's order granting custody of the minor child to Ellen Ferrugia, it was not a violation of that order for Appellant to retain possession of the passbooks given the lack of any specific direction in the decree on the matter. We find that trial court abused its discretion by holding Appellant in contempt for not turning over the passbooks to Ellen Ferrugia where no provision in the final decree required him to do so.

Appellant's sixth assignment of error in Case. No. 11905 is sustained and the finding of contempt and attached sentence on this matter is vacated.

### III.
### *Evidence to Justify Modification of Child Support*

Appellant's first and second assignments of error in Case No. 11879 (Motion to Modify Child Support) allege that the trial court erred in denying his motion to modify child support. Appellant contends that the evidence he presented on the matter irrefutably established a substantial change in circumstances, supporting modification. Appellant argues the trial court found against the manifest weight of the evidence and abused its discretion in denying modification of the original support order. We disagree.

Trial courts have considerable discretion in fashioning and modifying child support orders. See, *Gray* v. *Gray* (November 20, 1986), Clark App. No. 2181, unreported; *Murphy* v. *Murphy* (1984), 13 Ohio App.3d 308. A decision of the trial court denying modification will not be disturbed absent a showing that it is against the weight of the evidence or an abuse of discretion. As pointed out in *Seasons Coal Co.* v. *Cleveland* (1984), 10 Ohio St.3d 77, 80:

"* * * an appellate court should not substitute its judgment for that of the trial court where there exists . . . *competent credible evidence supporting the findings of fact and conclusions of*

*law rendered by the trial judge.*" (Emphasis supplied) See, also, *C.E. Morris Co.* v. *Foley Construction Co.* (1978), 54 Ohio St.2d 279; *Huffman* v. *Huffman* (June 23, 1989), Greene App. No. 88-CA-101, unreported.

Abuse of discretion only occurs when the trial court's attitude is "unreasonable, arbitrary or unconscionable." *Blakemore* v. *Blakemore* (1983), 5 Ohio St.3d 217, 219. The trial court does not abuse its discretion simply in adopting the report and recommendation of a referee so long as the underlying facts and law support the conclusion and recommendations contained in the report. See, *Huffman, supra.*

Having examined the record, we cannot say that the trial court's decision denying Appellant's motion to modify child support was against the manifest weight of the evidence or an abuse of discretion.

Appellant's affidavit of income and expenses stated a monthly income of $994.75. Appellant then alleged that his annual income was less than $17,590 compared with the $26,000 he stipulated during the divorce proceedings. However, Appellant admitted on cross-examination that there had been no significant change in his receipt of commissions from Raintree Realty and that he still owned the same number of rental properties. (Tr. 13) Further, Appellant admitted that he was in substantially the same position at the time he sought modification as he was when the divorce was finalized. (Tr. 19) Finally, the referee found that Appellant *voluntarily* converted two of his rental properties into land contracts thereby reducing his net annual income.

Based on the record, we find sufficient credible evidence to support the trial court's decision denying Appellant's motion to modify. Appellant's first and second assignments of error in Case No. 11879 are, therefore, overruled.

### IV.
### *Remaining Assignments of Error*

Appellant's remaining assignments of error in Case Nos. 11879 and 11905 allege generally that the trial court abused its discretion in (1) finding him in contempt for violating several provisions of the final decree because the report and recommendation of the referee was not based on sufficient evidence, and (2) awarding Ellen Ferrugia reasonable attorney fees.

Appellate courts must presume the regularity of lower court proceedings absent evidence establishing irregularity. All reasonable presumptions, consistent with the record, will be indulged in favor of upholding the trial court's

decision. See, *Haskins* v. *Alcott & Horton* (1862), 13 Ohio St. 219; *Clark* v. *Clark* (1870), 20 Ohio St. 128; *Tanner* v. *Tom Harrigan Chrysler Plymouth, Inc.* (March 1, 1990), Montgomery App. No. 11652, unreported. Where an error is raised on appeal, but there is an incomplete or inaccurate record of the proceedings below, the regularity and validity of the trial court's conduct must be presumed and its decision sustained. Cf., *Palmer* v. *Yarrington* (1853), 1 Ohio St. 253; *Shoemaker* v. *Standard Oil Co.* (1939), 135 Ohio St. 262; *Ostander* v. *Parker-Fallis* (1972), 29 Ohio St.2d 72; *Euclid Medical Systems* v. *Johnston* (November 4, 1987), Wayne App. No. 85 CI 329, unreported; *Schwarz* v. *Leiser* (1957), 76 Ohio Abs. 222.

Applying these principles here, we must find against Appellant. The gravamen of his argument is that the referee neither took nor heard evidence on these matters and that the trial court was thus without a record adequate to support its determination. However, we do not have an independent record of what transpired before the referee, though some form of proceeding was apparently held. Appellant has not presented us with a transcript or reconstruction of that proceeding. App.R. 9(A) requires him to do so when arguing that the conclusion of the trial court is unsupported by the evidence. We thus have no adequate record on which to find in favor of Appellant's assigned errors. Appellant's affidavit of counsel that no evidence or testimony was taken is inadequate to meet his burden to furnish us a record and does not overcome the presumption of regularity we must give the proceedings before the trial court.

Appellant's remaining assignments of error are, therefore, overruled and the decision of the trial court is sustained in all respects.

V.

*Conclusion*

For the reasons stated above, we sustain the trial court's decision in Case Nos. 11879 and 11905 in all respects with the exception of its finding Appellant in contempt for failing to give Ellen Ferrugia possession of the children's savings passbooks. The trial court's finding and sentence on this matter is vacated.

*Judgment affirmed in part, reversed in part.*

BROGAN, J., and FAIN, J., concur.