OPINION
Defendant-Appellant Jevon C. Russell appeals his convictions on six counts relating to his involvement with a shipment of cocaine and marijuana from California to an address in Dayton, Montgomery County, Ohio, in 1997. In his three assigned errors, Russell contends that the trial court erred in permitting the State to amend the indictment to conform to the evidence at the close of its case in chief, that the trial court erred to his prejudice by failing to instruct the jury on co-conspirator testimony, and that the evidence produced at trial was insufficient to support his convictions for drug possession or conspiracy.
The record reflects that on August 20, 1997, Detective Roger Rockwell of the Dayton Police Department was working on the drug interdiction detail at the Dayton International Airport. His duties were to monitor incoming packages as they were being sorted by various air freight companies such as Federal Express, and to intercept any packages suspected of containing contraband. On the date in question, and for reasons we need not detail, Detective Rockwell became suspicious of a package addressed to one Tina Smith at 5079 Norris Avenue, Dayton, Ohio. When the package was presented to his drug-sniffing dog, the animal reacted by biting and scratching the package, a response that tended to confirm Detective Rockwell's suspicion that drugs were inside the package.
After securing a search warrant for the package, Detective Rockwell opened it and found approximately 1,949 grams of marijuana and a total of about 450 grams of powder cocaine. Both substances were weighed, tested, and confirmed to be contraband at the Miami Valley Regional Crime Laboratory. A second search warrant was obtained in order to make a controlled delivery of the resealed package. The second search warrant also permitted the police to place a transmitter inside the package that would send a signal should the package be opened.
At approximately 5:30 p.m. on August 20, under the surveillance of approximately ten Dayton police officers, Officer Kevin Bollinger made a controlled delivery to the residence at 5079 Norris Drive in Dayton, where Wytina Bush, purporting to be Tina Smith, accepted the package. Bush left the residence shortly thereafter, but returned within minutes. At about 6:15 p.m., Russell was observed entering the apartment, then exiting the residence in the company of Orlando Fowler, who carried the package to Russell's automobile. As the two prepared to put the package in the trunk of the car, police officers effected their arrests. Russell was subsequently indicted on six counts as follows: one count of possession of cocaine in violation of R.C. § 2925.11(A); one count of possession of marijuana in violation of R.C. § 2925.11(A); one count of conspiracy to possess cocaine in violation of R.C. § 2923.01(A)(2); one count of conspiracy to possess marijuana in violation of R.C. § 2923.01(A)(2); one count of complicity to possess marijuana in violation of R.C. § 2923.03(A)(1); and one count of complicity to possess cocaine in violation of R.C. § 2923.03(A)(1).
Following presentation of its case in chief at Russell's trial before a jury, the State moved to amend the indictment to conform with the evidence presented. Specifically, the State requested that Counts 1 and 2 be amended from possession of cocaine and marijuana to attempted possession of cocaine and marijuana, respectively. Over Russell's objection, the State's motion was sustained.
On May 21, 1998, the jury returned verdicts of guilty on all six counts, the first two having been amended as noted above. In a termination entry filed June 24, 1998, the trial court sentenced Russell to a total of seventeen years in prison, but because of the consecutive nature of some of the sentences, Russell's actual term of incarceration was set at nine years. None of the six counts were merged. Russell's timely notice of appeal was filed the next day.
We find that Russell's first argument under his second assignment of error makes consideration of his other arguments and assignments of error unnecessary at this time. His second assignment of error is stated as follows:
 The trial court erred to the prejudice of the Appellant by not instructing the jury on the testimony of a co-conspirator.
As is noted by the State in its brief, Russell presents three distinct arguments in his
second assignment of error. In his first, which we conclude is dispositive, he claims his convictions on the complicity counts and the conspiracy counts are violative of R.C. § 2923.01(G). We note, however, that Russell's second assignment of error appears not to comply with App.R. 16(A)(7) which requires an appellant to state his arguments with respect to each assignment of errorpresented for review. See also App.R. 12(A)(2). Here, Russell has included an argument unrelated to the asserted assignments of error, specifically, that R.C. § 2923.01(G) precludes his convictions on the conspiracy counts. Nevertheless, in the interest of justice, we will address Russell's argument on the merger issue. App.R. 16(A)(2).
The State correctly observes that Russell failed to raise the issue of merger in the trial court. Thus, to justify reversal of the trial court's judgment, any error must be plain. Crim.R. 52(B). "Plain error" has been defined as:
 [O]bvious error prejudicial to a defendant, neither objected to nor affirmatively waived by him, which involves a matter of great public interest having substantial adverse impact on the integrity of and the public's confidence in judicial proceedings. The error must be obvious on the records, palpable, and fundamental, and in addition it must occur in exceptional circumstances where the appellate court acts in the public interest because the error affects "the fairness, integrity or public reputation of judicial proceedings."
 State v. Endicott (1994), 99 Ohio App.3d 688, 694, citing State v. Craft (1977), 52 Ohio App.2d 1, 7, quoting United States v. Atkinson (1936), 297 U.S. 157, 160. Moreover, "[t]he plain error test requires that, but for the existence of the error, the result of the trial would have been otherwise." State v. Wiles (1991), 59 Ohio St.3d 71, 86, citing State v. Long (1978), 53 Ohio St.2d 91, 97. For the following reasons, we find Russell's convictions on a portion of the six counts to be plain error.
R.C. § 2923.01(G) states, in relevant part, as follows:
 When a person is convicted of committing or attempting to commit a specific offense or of complicity in the commission of or attempt to commit the specific offense, the person shall not be convicted of conspiracy involving the same offense.
Russell argues that his convictions for attempted possession of cocaine and marijuana and complicity to possess cocaine and marijuana preclude his convictions on the conspiracy to possess cocaine and marijuana counts.
 In its argument in response to Russell's contention, the State claims that Russell's convictions on the conspiracy counts relate to his involvement with Bush, whereas his convictions on the complicity counts have to do with his dealings with Fowler, and that as such, the offenses were not the same under R.C. § 2941.25, the statute governing convictions on multiple counts. Even if the State's far-fetched argument is believed, however, R.C. § 2923.01(G) still precludes Russell's convictions on the conspiracy counts because he was convicted on the attempt counts as well. "[T]he legislature has made it clear that when a person is found guilty of both conspiracy and attempt, the trial court may sentence on either offense-the conspiracy or the attempt-but it may not sentence on both offenses." State v. Dapice (1989), 57 Ohio App.3d 99, 102. Moreover, we have found no combination of the six convictions and the three participants that could be consistent with R.C. § 2923.01(G).
We are well aware that a reviewing court ordinarily presumes regularity in the proceedings below. Shoemaker v. Standard OilCo. (1939), 135 Ohio St. 262, 266. Where, however, error affecting the result of a trial is apparent on the face of the record, as it is here, the presumption of regularity must fall so that "the fairness, integrity, or public reputation of judicial proceedings" may be preserved. See Endicott, supra. Accordingly, we find the trial court's sentencing of Russell on all of the attempt, conspiracy, and complicity counts to be plain error, and remand this case for a determination of which of the six counts are to be merged with which of the others. Consequently, Russell's remaining arguments and assignments of error are unripe for consideration at this time, and would more appropriately be addressed if and when Russell brings a direct appeal from the trial court's judgment after remand.
As guidance to the trial court on remand, we note that R.C. § 2923.01(F), which provides that "[a] person who conspires to commit more than one offense is guilty of only one conspiracy, when the offenses are the object of the same agreement or continuous conspiratorial relationship," and R.C. § 2923.02(C), which provides that "[n]o person who is convicted of committing a specific offense, or of complicity in the commission of an offense, or of conspiracy to commit an offense shall be convicted of an attempt to commit the same offense in violation of this section," also appear to be relevant to any inquiry into the merger issue in this case.
Russell's first and third assignments of error are unripe for consideration at this time, his second is sustained to the extent it is discussed above, and this cause is remanded to the trial court for further proceedings consistent with this opinion.
GRADY, P.J. and BROGAN, J., concur.
Copies mailed to:
Johnna M. Shia
Jimmie Christon
Hon. John P. Petzold