The STATE of Ohio, Appellee,

v.

ENDICOTT, Appellant.

[Cite as *State v. Endicott* (1994), 99 Ohio App.3d 688.]

Court of Appeals of Ohio,
Sixth District, Sandusky County.

No. S–93–48.

Decided Dec. 30, 1994.

690

*John E. Meyers,* Sandusky County Prosecuting Attorney, and *Ronald J. Mayle,* Assistant Prosecuting Attorney, for appellee.

*J. Vincent Buchanan,* for appellant.

---

HANDWORK, Judge.

Appellant, Darry L. Endicott, was convicted by a jury of conspiracy to commit aggravated trafficking in cocaine, a violation of R.C. 2923.01, in the Sandusky County Court of Common Pleas on October 15, 1993. The Sandusky County Court of Common Pleas subsequently journalized a judgment entry in which the court sentenced appellant to not less than five nor more than twenty-five years in prison, with a stipulation that the five-year minimum sentence be served as actual incarceration. The court also ordered appellant to pay the costs of prosecution, waived the mandatory fine due to appellant's indigence, and directed that his sentence be served concurrently with a sentence which was previously imposed on appellant in federal court for a probation violation.

Appellant filed a notice of appeal in this court and has presented seven assignments of error for our consideration. The seven assignments of error are:

"I. The trial court made prejudicial error in refusing to instruct the jury of the statutory requirement of [R.C.] 2923.01(H)(1) in that it is a substantial part of the crime and failure to so give results in the trial court usurping the role of the trier of facts.

"II. Introduction of defendant's prior conviction before the jury of an earlier unrelated drug conviction to prove a specification in the indictment of a prior drug conviction violates defendant's constitutional rights to of [*sic*] the Fifth Amendment, U.S. Constitution and the Ohio Constitution, and violates Evidence Rule 609, particularly when the defendant does not testify, does not intend to testify, and is willing to stipulate to the same for the court outside the jury's presence; such introduction is reversible error.

"III. The failure of the trial court to instruct the jury on any affirmative defenses under O.R.C. 2923.01(I)(1)(2) substantially prejudiced defendants [*sic*] to a fair trial and was in plain error and contrary to the evidence.

"IV. Failure to require the jury to determine defendant's guilty [*sic*] or innocence based on the state's bill of particulars violates appellant's right to a fair trial and the purpose [*sic*] Criminal Rule 7(E).

"V. Defendant was convicted only by and only because of the testimony of co-conspirators unsupported by other evidence and therefore his conviction is contrary to law. O.R.C. 2923.01(H).

"VI. Sandusky County did not have venue for jurisdiction for alleged crime appellant was convicted. [*sic*] when defendant's only possible overt acts were outside Ohio and when the drugs were ultimately delivered to Seneca County.

"VII. The jury's verdict was unsupported and directly contrary to the evidence presented, therefore it's [*sic*] decision was contrary to the manifest weight of the evidence."

 Appellant contends in support of his first assignment of error that the trial court erred when it failed to give a jury instruction requested by appellant. Specifically, appellant requested an instruction on the rule of law established in R.C. 2923.01(H)(1), which reads as follows:

"(H)(1) No person shall be convicted of conspiracy upon the testimony of a person with whom he conspired, unsupported by other evidence."

Appellant's requested instruction was not offered by the trial court on the basis that other evidence did exist in this case which supported the co-conspirators' testimony. Instead, the trial court followed R.C. 2923.01(H)(2), which provides:

"(2) If a person with whom the defendant allegedly has conspired testifies against the defendant in a case in which the defendant is charged with conspiracy and if the testimony is supported by other evidence, the court, when it charges the jury, shall state substantially the following:

" 'The testimony of an accomplice that is supported by other evidence does not become inadmissible because of his complicity, moral turpitude, or self-interest, but the admitted or claimed complicity of a witness may affect his credibility and make his testimony subject to grave suspicion, and require that it be weighed with great caution.

" 'It is for you, as jurors, in the light of all the facts presented to you from the witness stand, to evaluate such testimony and to determine its quality and worth or its lack of quality and worth.' "

Appellee contends that the trial court did not err when it gave the instruction found in R.C. 2923.01(H)(2), rather than the instruction appellant requested based upon R.C. 2923.01(H)(1), because the evidence presented in the case supported the trial court's belief that other evidence existed to corroborate the testimony of appellant's co-conspirators. Appellant argues, however, that he was entitled to the instruction, because it was the place of the jury, rather than that of the trial court judge, to determine whether other evidence existed to support the testimony of the co-conspirators.

Ohio courts have long recognized that:

"Jury instructions are to be tailored to the facts of each case. Patterned instructions are designed to aid the court in preparation of the charge to the jury. Obviously, only those instructions which are applicable to the facts of the case should be given. *The trial judge must select and modify instructions to fit the particular facts of each case.*" (Emphasis added.) *Avon Lake v. Anderson* (1983), 10 Ohio App.3d 297, 299, 10 OBR 472, 474, 462 N.E.2d 188, 190.

The trial judge, therefore, rather than the jury, was vested with the responsibility to make an initial determination whether there was other evidence which could be interpreted to support the testimony of the co-conspirators. Furthermore, this court will not reverse the decision of the trial judge relating to whether sufficient facts existed to support a jury instruction absent an abuse of discretion. See *State v. Barnd* (1993), 85 Ohio App.3d 254, 260, 619 N.E.2d 518, 521–522.

■ To find an abuse of discretion, there must be a showing of "more than an error of law or of judgment"; there must be a showing that "the court's attitude is unreasonable, arbitrary or unconscionable." *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 173, 404 N.E.2d 144, 149. We cannot find an abuse of discretion in this case.

■ The evidence presented at trial did include the testimony of three individuals who were indicted as co-conspirators of appellant. The evidence also included proof that appellant traveled from Ohio to Texas with two other individuals. One of the other two individuals who went to Texas with appellant returned to Ohio in the same car used by the three men to travel to Texas, and brought a small package of cocaine with him that was hidden in the vents of the car. Tape-recorded phone conversations between appellant and one of the charged co-conspirators showed that a co-conspirator turned police informant who remained in Ohio kept appellant apprised about the progress of the individual who was driving back to Ohio from Texas. Finally, the evidence included a small package of cocaine that was identified by one of the co-conspirators as a sample hidden in the car by appellant for delivery to Ohio as part of the conspiracy. Therefore, the trial judge did not act contrary to law and did not exhibit an unreasonable, arbitrary or unconscionable attitude when he determined that the evidence in the case justified a jury instruction relating to co-conspirator testimony supported by other evidence. Ordinarily, therefore, this court would discontinue our evaluation of the jury instructions given in this case. However, our review of the jury instructions and of the record in this case has uncovered an error relating to the jury instructions which must be considered and discussed.

 Appellant was convicted of conspiracy to commit aggravated drug trafficking. R.C. 2923.01 sets forth the required elements for a conviction for conspiracy. R.C. 2923.01 states in pertinent part:

"(A) No person, with purpose to commit or to promote or facilitate the commission of * * * aggravated trafficking, trafficking in drugs * * * shall do either of the following:

"(1) With another person or persons, plan or aid in planning the commission of any such offense;

"(2) Agree with another person or persons that one or more of them will engage in conduct that facilitates the commission of any such offense."

The Ohio Jury Instructions shows that when a jury is instructed on conspiracy, the jury must be instructed on the essential elements of the principal offense which the defendant conspired to commit. 4 Ohio Jury Instructions (1993) 348, Section 523.01(3). The record shows that the jury was never instructed on the essential elements of the principal offense in this case, aggravated drug trafficking. The record also shows that appellant never raised an objection pursuant to Crim.R. 30 regarding the trial court's failure to include instructions to the jury on the essential elements of aggravated drug trafficking.

 This court is aware that the failure to object to incomplete jury instructions normally constitutes waiver of any error for appeal. See, e.g., State v. Adams (1980), 62 Ohio St.2d 151, 153, 16 O.O.3d 169, 170, 404 N.E.2d 144, 145–146; State v. Long (1978), 53 Ohio St.2d 91, 7 O.O.3d 178, 372 N.E.2d 804, paragraph one of the syllabus. However, when the omission rises to the level of plain error, this court may raise and consider the error on appeal, even if the error is not specifically raised by the appellant. See Garrison Carpet Mills v. Lenest, Inc. (1979), 65 Ohio App.2d 251, 254, 19 O.O.3d 208, 210–211, 417 N.E.2d 1277, 1279–1280; App.R. 12(A). "Plain error" has been defined as "obvious error prejudicial to a defendant, neither objected to nor affirmatively waived by him, which involves a matter of great public interest having substantial adverse impact on the integrity of and the public's confidence in judicial proceedings. The error must be obvious on the records, palpable, and fundamental, and in addition it must occur in exceptional circumstances where the appellate court acts in the public interest because the error affects 'the fairness, integrity or public reputation of judicial proceedings.'" State v. Craft (1977), 52 Ohio App.2d 1, 7, 6 O.O.3d 1, 4, 367 N.E.2d 1221, 1225–1226, quoting United States v. Atkinson (1936), 297 U.S. 157, 160, 56 S.Ct. 391, 392, 80 L.Ed. 555.

This court concludes that the failure to instruct the jury on the essential elements of the principal offense of aggravated drug trafficking in this case fits

the definition of "plain error." *State v. Bridgeman* (1977), 51 Ohio App.2d 105, 113, 5 O.O.3d 275, 279–280, 366 N.E.2d 1378, 1384–1385.

■■ The state had the burden to prove all of the essential elements for conspiracy beyond a reasonable doubt. *Id.* at 116, 5 O.O.3d at 281, 366 N.E.2d at 1386. The jury alone is vested with evaluating the facts in a case and with determining whether, based upon the instructions of law given by the court, the facts show the existence of all of the essential elements for the crime for which the accused is charged. *Id.*

■ The essential elements in this case included (1) planning, (2) to commit the crime of aggravated drug trafficking. The jury in this case was left without any guidance as to what constitutes aggravated drug trafficking, and therefore could not make any decision by applying the facts of this case to the law regarding whether appellant planned to commit aggravated drug trafficking with co-conspirators. A trial court commits plain error when it fails to instruct a jury on the essential elements of a principal crime that is the subject of an alleged conspiracy for which an accused is standing trial. Appellant's right to a fair trial was clearly substantially affected.

In view of this court's finding that plain error occurred, we reverse the ruling of the Sandusky County Court of Common Pleas and remand this case. Appellant's first assignment of error is well taken to the extent that this court finds that the trial court erred when it gave incomplete jury instructions. Appellant's second, third, fourth, fifth, sixth and seventh assignments of error are rendered moot. Appellee is ordered to pay the court costs of this appeal.

*Judgment reversed.*

ABOOD, P.J., and SHERCK, J., concur.