OPINION
On November 14, 1996, the Holmes County Grand Jury indicted appellant, Dal Baldridge, on one count of extortion in violation of R.C. 2905.11(A)(2). Said charge arose from a conversation between appellant and one Kelly Curren.
A jury trial commenced on June 19, 1997. The jury found appellant guilty as charged. By judgment entry filed June 23, 1996, the trial court sentenced appellant to three years in prison and imposed a $10,000 fine.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 THE TRIAL COURT COMMITTED PLAIN ERROR WHEN THE COURT FAILED TO INSTRUCT THE JURY ON WHAT CONSTITUTED AN "OFFENSE OF VIOLENCE," AN ESSENTIAL ELEMENT OF EXTORTION, TO THE PREJUDICE OF THE DEFENDANT/APPELLANT DAL BALDRIDGE, THEREBY DEPRIVING HIM OF HIS RIGHT TO DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 15 OF THE OHIO CONSTITUTION.
II
 THE FAILURE OF DEFENDANT/APPELLANT BALDRIDGE'S TRIAL COUNSEL TO REQUEST JURY INSTRUCTIONS ON ALL THE ELEMENTS OF THE OFFENSE OF EXTORTION AND THE FAILURE OF TRIAL COUNSEL TO RETAIN AN EXPERT ON THE ISSUE OF INTOXICATION DENIED THE APPELLANT HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
III
 THE VERDICT OF GUILTY ON THE CHARGE OF EXTORTION, RETURNED BY THE JURY, WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 I
Appellant claims the trial court erred in not defining "an offense of violence" in the jury charge. We disagree.
The record reflects appellant did not object to the jury charge. Crim.R. 30(A) states in pertinent part:
 On appeal, A party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection.
Based upon appellant's failure to object and bring the issue to the trial court's attention for consideration, we must address this assignment under the plain error doctrine. In order to prevail under a plain error analysis, appellant bears the burden of demonstrating the outcome of the trial clearly would have been different but for the error. Crim.R. 52(B); State v. Long (1978),53 Ohio St.2d 91. Notice of plain error is to be taken with utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. Long.
Appellant was convicted of extortion in violation of R.C.2905.11(A)(2) which states as follows:
 (A) No person, with purpose to obtain any valuable thing or valuable benefit or to induce another to do an unlawful act, shall do any of the following:
(2) Threaten to commit any offense of violence;
Appellant argues because the trial court failed to instruct the jury on an essential element of the crime, "offense of violence," plain error applies. In support, appellant cites the case of State v. Endicott (1994), 99 Ohio App.3d 688, 695, wherein the court held a "trial court commits plain error when it fails to instruct a jury on the essential elements of a principle crime that is the subject of an alleged conspiracy for which an accused is standing trial." However, we note in State v. Adams (1980),62 Ohio St.2d 151, paragraph two of the syllabus, the Supreme Court of Ohio held a trial court's failure "to separately and specifically instruct the jury on every essential element of each crime with which an accused is charged does not per se constitute plain error under Crim.R. 52(B)." The sole issue is whether the omission resulted in a "manifest miscarriage of justice." Adams
at paragraph three of the syllabus; Long.
Appellee, the State of Ohio, concedes the trial court did not define "an offense of violence" in the charge. The trial court properly outlined the elements of the offense of extortion and defined purpose, the intoxication defense and threat, but did not elaborate on what was an offense of violence. T. at 280-282.
During closing argument (T. at 257), appellant's own counsel discussed the elements of extortion including an offense of violence:
 In this particular charge, and the particular charge is extortion, you're gonna look at several elements. And I only really want to talk about two of them. There certainly has to be a threat of violence. But that must be coupled with that that threat was for purpose to obtain a valuable benefit. In this case, presumably two thousand dollars.
Mr. Curren testified appellant told him "I"m gonna cut your fucking throat." T. at 29. Appellant further made threats against Mr. Curren's daughter telling Mr. Curren "I know the vehicle your daughter drives. I'll get the little bitch, her little tight ass. I'll rape her. I'll fuck her. * * * I'll run her off the road. I'll kill her." Id. Appellant also made threats against Mr. Curren's wife telling Mr. Curren he knew where she worked and he would "slip in some night when she's working late" and "fuck her," "fuck her real good." Id. at 30. Appellant further stated "I'll wait till you're all home asleep some night in your house and I"ll burn your house up. I'll blow you up. I'll get you all." Id.
Given the testimony presented, we find no need to define for any jury these statements and threats to commit rape, murder and arson as offenses of violence. The only requirement of the trial court would have been to instruct the jury of the obvious, that murder, rape and arson are crimes of violence.
Not only do we find no plain error, we find no error in the jury charge given the facts sub judice.
Assignment of Error I is denied.
 II
Appellant claims his trial counsel was ineffective for failing to request a jury charge on "an offense of violence" and in failing to present the testimony of an intoxication expert. We disagree.
The standard this case must be measured against is set out inState v. Bradley (1989), 42 Ohio St.3d 136, 142, cert. denied110 S.Ct. 3258. Appellant must establish two criteria:
 1) [C]ounsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition,
2) [P]rejudice arises from counsel's performance.
In order to warrant reversal, appellant must establish ". . . but for counsel's unprofessional errors, the result of the proceedings would have been different." Strickland v. Washington (1984),466 U.S. 668, 696.
As noted in Assignment of Error I, we find no error in the jury charge nor any prejudice to appellant.
Appellant argues because he had ingested a large quantity of pain medication and alcohol prior to talking to Mr. Curren, his trial counsel should have presented expert testimony on the issue of intoxication. Defense counsel did present the testimony of a pharmacist, Tim Fair. However, Mr. Fair admitted he was not an expert on the effects of taking Darvosett and Percodan with alcohol. T. at 158. Mr. Fair testified Darvosett warns against taking it with alcohol and the usual side effects of mixing Darvosett and alcohol would be light-headedness, drowsiness or sleepiness. T. at 157-158. Mr. Fair also testified to mix alcohol and Percodan could be fatal causing a shut down of the central nervous system. T. at 159. On cross-examination, Mr. Fair admitted it would be impossible to predict the exact effect of the mixture of these drugs with alcohol on any given person. T. at 172-173.
On direct examination, appellant could not specifically identify the pain medication he had taken prior to calling Mr. Cullen. Appellant could not even admit that the pills Mr. Fair examined and testified about were the same pills he had taken. T. at 192. Appellant was unable to say whether he had mixed pills or how many pills he had taken. T. at 192, 197.
Given the lack of evidence on what and how much appellant had taken and Mr. Fair's testimony, we find no ineffective assistance of trial counsel. Without the positive identification of the drugs ingested and the quantities consumed, we find an expert on intoxication would have been to little avail.
Assignment of Error II is denied.
 III
Appellant claims his conviction was against the manifest weight of the evidence. We disagree.
On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991),61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175. See also, State v. Thompkins (1997), 78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."Martin at 175.
Mr. Curren testified appellant threatened murder, rape and arson if he did not repay appellant the $2,000 owed to appellant. Tyler Curren, Mr. Curren's son who overheard the telephone conversation, also testified to hearing appellant's threats. T. at 42-43.
Appellant does not remember talking with Mr. Curren, but argues because of his use of pain medication laced with alcohol which caused him to "black out", he did not make the threats purposely as required by statute.
The trial court permitted all of the evidence on intoxication and drug abuse before the jury and properly instructed the jury on appellant's claim of intoxication.
Faced with two different interpretations of the events, the jury chose to accept appellee's interpretation of appellant's intent. Credibility of the witnesses and the relative weight attributable to their testimony lie with the trier of fact. Statev. Jamison (1990), 49 Ohio St.3d 182.
Upon review, we find sufficient evidence to find appellant guilty of extortion beyond a reasonable doubt and no manifest miscarriage of justice.
Assignment of Error III is denied.
The judgment of the Court of Common Pleas of Holmes County, Ohio is hereby affirmed.
By Farmer, P.J., Reader, J. and Wise, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Holmes County, Ohio is affirmed.