OPINION
Defendant-appellant, Billy Evegan, appeals his conviction following a jury trial on a charge of assault on a corrections officer in violation of R.C. 2903.13(A). We affirm.
At approximately 2:45 on August 6, 1996, appellant, an inmate at Lebanon Correctional Institution, was waiting to make a phone call in the day room of J-block, a general housing area. The day room is a large area with a unit office and stairways on either side. J-Block contained approximately two hundred forty inmates on that date. Officer Douglas Holland and another officer were assigned to J-Block.
Holland testified that appellant and two other inmates were in a window area; these inmates were "out of place," as they were in an area where inmates were not supposed to be. Holland asked the inmates to leave the area. The other inmates left, but appellant refused to leave, responding that he wanted to see a case manager in the unit office. Holland told appellant that the door was locked. Appellant was then "getting hostile," and Holland asked appellant for his identification badge.
Appellant refused three direct orders to provide the badge; therefore, Holland determined that appellant should be handcuffed. Appellant refused to put his hands on the wall, the procedure for handcuffing. Holland testified that when he held on to appellant's left arm to turn him around to face the wall, appellant shook him loose, put his hands on Holland's neck and a struggle began. Holland pushed his "man down" button and other officers responded.
Holland stated that he was eventually able to get appellant's hand off of his neck, and that there were physical punches thrown to the back of his head. The other officers who responded were able to subdue appellant and handcuff him. Holland estimated that the physical confrontation happened fast and was over within two minutes. A photograph showing bruises to Holland's neck was introduced into evidence. The photograph was taken approximately ten minutes after the incident.
Appellant did not testify. One of appellant's witnesses, inmate Eddie Slocum, testified that appellant was refusing to leave the unit office area. Slocum testified that appellant had his hands down to his side and the other officer came and they "just started bum rushing him." Slocum testified that he "could not tell" if appellant had made aggressive moves toward Holland. Slocum also testified that Holland had a reputation for instigating altercations with prisoners.
Appellant's other witness, Sosea Bell, testified that appellant was refusing to put his hand behind his back and that Holland "all of sudden grabbed appellant," and that "a bunch of other officers then came in." Bell also testified that Holland had a bad reputation for shaking down black inmates.
The jury found appellant guilty and he was sentenced to twelve months of imprisonment. Appellant has raised two assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT BY DENYING HIS REQUESTED INSTRUCTION ON SELF-DEFENSE.
Appellant argues that the trial court should have instructed the jury on self-defense. We disagree. Self-defense is an affirmative defense, which is "an excuse or justification peculiarly within the knowledge of the accused, on which he can fairly be required to adduce supporting evidence." R.C.2901.05(C)(2).
Appellant does not claim that he was entitled to an instruction on self-defense against danger of death or great bodily harm, but rather that he raised an issue of self-defense against danger of bodily harm. However, to establish self-defense in those circumstances the defendant must prove:
 the defendant was not at fault in creating the situation giving rise to the * * * event in which the use of nondeadly force occurred; and
 the defendant had reasonable grounds to believe and an honest belief, even though mistaken, that he was in immediate danger of bodily harm and that his only means to protect himself from such danger was by the use of force not likely to cause death or great bodily harm.
4 Ohio Jury Instructions (1997) 77, Section 411.33.
A trial court is not required to instruct the jury on self-defense in every case where it is attempted to be presented. The defendant must first present sufficient evidence at trial to warrant such an instruction. The trial court must determine whether or not the evidence is adequate to raise the self-defense issue, and if believed, whether the evidence would, under the legal tests applied to a claim of self defense, permit a reasonable doubt as to guilt stemming from that claim to arise.City of Bucyrus v. Fawley (1988), 50 Ohio App.3d 25, 26-27. If the evidence is legally insufficient to raise the issue, the trial court will have "no * * * obligation to instruct the jury on the elements essential to a valid claim of self-defense, but rather will remove the issue of self-defense from jury consideration."Id. A trial court's refusal to give requested jury charges based upon the evidence at trial is reviewed for abuse of discretion.State v. Endicott (1994), 99 Ohio App.3d 688, 693.
Even construing all of the evidence in appellant's favor, the trial court did not err in failing to instruct on self-defense. Appellant was clearly at fault in creating the situation wherein Officer Holland touched him. That touching was lawful, as Holland had determined that handcuffing was necessary and appellant had refused to comply with Holland's orders, as appellant's own witnesses testified. Furthermore, as appellant did not testify, the evidence did not establish that appellant had an "honest belief that his conduct was necessary to defend himself against the imminent use of unlawful force." Therefore, appellant's first assignment of error is overruled.
Assignment of Error No. 2:
 THE JURY'S VERDICT IS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE.
In his second assignment of error, appellant argues that because there was some doubt as to whether the facts surrounding the incident occurred as Holland reported them, the jury verdict should be reversed. Appellant has misstated the standard of review for this court on a claim that a verdict is against the manifest weight of the evidence. In order for a court of appeals to reverse a trial court's judgment on the basis that a jury verdict is against the manifest weight of the evidence, the appellate court must unanimously disagree with the fact finder's resolution of any conflicting testimony. State v. Thompkins
(1997), 78 Ohio St.3d 380, 389. The standard for reversal for manifest weight of the evidence has been summarized as follows:
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.
Thompkins, 78 Ohio St.3d at 387.
In making this analysis, the reviewing court must be mindful that the original trier of fact was in the best position to judge the credibility of witnesses and the weight to be given the evidence. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
Appellant was convicted of assault in violation of R.C.2903.13(A), which provides that no person shall "knowingly cause or attempt to cause harm to another," with the specification that the victim of the offense was a corrections officer. After thoroughly reviewing the record, we find that the jury neither lost its way nor created a manifest miscarriage of justice in finding appellant guilty of assault. As discussed above, appellant did not raise a colorable claim of self-defense. Officer Holland's testimony and the photograph depicting his neck bruises provided sufficient evidence that appellant knowingly caused harm to a corrections officer. Therefore, appellant's conviction was not against the manifest weight of the evidence and his second assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and YOUNG, J., concur.