DECISION AND JUDGMENT ENTRY
This matter is before the court on appeal from the Wood County Court of Common Pleas wherein appellant, Irineo Carrillo, was convicted of trafficking in marijuana, a violation of R.C.2925.03 and a felony of the fifth degree. Appellant asserts the following assignment of error:
 "THE TRIAL COURT ERRED BY GIVING AN INSTRUCTION ON `OFFER TO SELL' WHEN THERE WAS NO EVIDENCE THAT AN OFFER TO SELL WAS MADE AND THE BILL PARTICULARS DID NOT INDICATE THAT OFFER TO SELL WAS AN ELEMENT."
A jury trial commenced on January 22, 1999. Nadra Siler testified that in 1997, she was employed as an undercover agent for the Aset Corporation. Her duties were to investigate sabotage, theft and drug use that a company may have with some of its employees. From August 1997 until November 1997, she posed as an employee of the Modine Manufacturing Company in Pemberville, Ohio, a company that manufactures radiators. It was there that she met appellant, an employee of the company.
Siler testified that one day at work she initiated a conversation with appellant about marijuana. Specifically, Siler asked appellant if he smoked marijuana. She then told him that she was having trouble finding marijuana and asked him if he could help her. Siler testified that appellant said "he would see what he could do." On September 3, 1997, Siler approached appellant at work and asked him if he had found any marijuana. Appellant told her he did not. Later on, appellant opened a file cabinet door which contained a small bag of marijuana. Appellant instructed Siler to put the bag in her pocket. Siler testified that she then promised to give appellant the money for the marijuana at another time. That evening, while both were still at work, Siler gave appellant $35 for the marijuana which appellant accepted.
At the end of her shift, Siler contacted her police contact. She arranged to meet him the next day in a parking lot. It was there that she gave him the marijuana. Appellant was indicted for trafficking in marijuana on April 2, 1998. After the jury returned its guilty verdict appellant was sentenced to two years of community control.
In his sole assignment of error, appellant contends that the trial court erred in instructing the jury on "offer to sell." Appellant contends there was no evidence that appellant "offered to sell" and the bill of particulars did not indicate that "offer to sell" was an element.
The elements of R.C. 2925.03 are as follows: "[N]o person shall knowingly sell or offer to sell a controlled substance."
The bill of particulars stated in pertinent part:
 "Count 1: On or about the 3rd day of September 1997, at Modine Mfg., Pemberville city, Wood county the defendant, Irineo Carrillo did: knowingly sell or offer to sell marijuana, a schedule 1 controlled substance, in an amount less than two hundred grams; to-wit: approximately 6.3 grams.
 On or about the 3rd day of September 1997, at Modine Mfg., Pemberville city, Wood county, the defendant, Irineo Carrillo did sell 6.3 grams of marijuana to Nadra Siler. The defendant stored the marijuana in a cabinet where Nadra Siler retrieved it. The defendant later accepted $35.00 dollars for the marijuana. This is a violation of the Ohio Revised Code Title 29, Section 2925.03, and against the peace and dignity of the State of Ohio."
The purpose of a bill of particulars is to "elucidate or particularize the conduct of the accused" and not to provide specifications of evidence or to serve as a substitute for discovery. State v. Lawrinson (1990), 49 Ohio St.3d 238,239; State v. Sellards (1985), 17 Ohio St.3d 169,171. In this case, the bill of particulars tracked the language of R.C. 2925.03 and the indictment adding only location and date of the offense.
The trial court must instruct the jury on all of the essential elements of the offense charged. State v. Comen
(1990), 50 Ohio St.3d 206. Jury instructions should be tailored to the facts of each case and the judge has the authority to select and modify the instructions to fit those particular facts.State v. Endicott (1994), 99 Ohio App.3d 688, 693. Thus, a reviewing court will not overturn a trial court's ruling but for an abuse of discretion. Id.
The phrase, "offer to sell a controlled substance" contained in R.C. 2925.03 means "to declare one's readiness or willingness" * * * "to sell a controlled substance." State v. Scott
(1982), 69 Ohio St.2d 439, 440. The Second District Court of Appeals in State v. Bazzy (1992), 86 Ohio App.3d 546, noted that "participants in a drug transaction are not likely to use either precise legal terms to define the transaction, or precise scientific terms to describe the merchandise, whether an offer to sell a controlled substance has, in fact, been made depends upon the totality of the circumstances and the language used." Citing State v. Patterson (1982), 69 Ohio St.2d 445,447.
The evidence in this case shows that Siler asked appellant if he could find her marijuana for purchase. Siler testified that appellant answered "I'll see what I can do." Based on the totality of the circumstances, we conclude that the evidence showed a willingness on appellant's part to purchase a controlled substance. Appellant's sole assignment of error is found not well-taken.
On consideration whereof, the court finds that appellant was not prejudiced or prevented from having a fair trial, an the judgment of the Wood County Court of Common Pleas is affirmed. It is ordered that appellant pay the court costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Melvin L. Resnick, J.,James R. Sherck, J., CONCUR.