OPINION
{¶ 1} James Huber was found guilty by a jury in the Clark County Court of Common Pleas of gross sexual imposition, and the trial court sentenced him to three years of imprisonment. Huber appeals from his conviction and sentence.
 {¶ 2} In May 2004, the victim, who is Huber's stepdaughter, told some of her friends at school that Huber was molesting her. The friends told a school counselor, and an investigation began. Huber was subsequently indicted on seven counts of rape and one count of gross sexual imposition. After a trial lasting several days, the jury found Huber guilty of gross sexual imposition but acquitted him on all of the counts of rape.
 {¶ 3} Huber raises two assignments of error on appeal, which we will address in reverse order.
 {¶ 4} II. "THE TRIAL COURT COMMITTED PLAIN ERROR BECAUSE IT DID NOT INSTRUCT THE JURORS THAT THEY HAD TO UNANIMOUSLY AGREE THAT A PARTICULAR ACT WAS THE BASIS FOR THE CONVICTION IN COUNT EIGHT."
 {¶ 5} Under this assignment of error, Huber challenges his conviction for gross sexual imposition, claiming that there was evidence of "a number of such acts" and that the jury was never instructed that it had to agree on a particular act as the basis for its verdict. Huber claims that this conviction must be reversed because it is unclear whether the jury agreed on the underlying facts justifying the conviction.
 {¶ 6} A party may not assign as error the giving or the failure to give any instructions unless he objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds for the objection. Crim.R. 30(A); State v. Stallings, 89 Ohio St.3d 280, 292,2000-Ohio-164, 731 N.E.2d 159. By failing to object, a defendant waives all but plain error. Stallings, 89 Ohio St.3d at 292;State v. Underwood (1983), 3 Ohio St.3d 12, 13,444 N.E.2d 1332. Plain error has been defined as "obvious error prejudicial to a defendant * * * which involves a matter of great public interest having substantial adverse impact on the integrity of and the public's confidence in judicial proceedings." State v.Endicott (1994), 99 Ohio App.3d 688, 694, 651 N.E.2d 1024. Huber did not object to the instructions that were given. Thus, we review Huber's claim for plain error.
 {¶ 7} Count Eight of the indictment charged that Huber had sexual contact with the victim, who was under the age of 13, between September 12, 1999 and May 18, 2004. With respect to this count, the bill of particulars specified that the "defendant rubbed his penis on the victim's vaginal area."
 {¶ 8} At trial, the victim testified that when she was between the age of 5 and 7, Huber would "put his private area on her private area" and press up against her when they were "hugging." She stated that this behavior did not feel like an "ordinary hug", was scary, and would hurt sometimes, although they were clothed when it occurred. She testified that this contact would occur in her bedroom or the living room, usually while they were standing and "hugging," that these incidents had occurred at all times of day, and that they eventually led to digital penetration and cunnilingus. She described one specific incident when she was 6 or 7 in which Huber had pulled her on top of him on the couch and lifted his body up and down while pressing his feet onto the end of the couch.
 {¶ 9} Based on the evidence presented, the jury could have reasonably concluded that Huber had committed gross sexual imposition. We cannot clearly determine that the jury was not unanimous as to what specific activity constituted the gross sexual imposition. In other words, we cannot conclude that, had a more specific instruction on unanimity been given, the outcome of the trial of the gross sexual imposition charge clearly would have been different. Underwood, 3 Ohio St.3d at 13. In short, we conclude there was no plain error.
 {¶ 10} Huber relies on State v. Johnson (1989),46 Ohio St.3d 96, 545 N.E.2d 636, to support his claim that due process required a specific instruction informing the jury that it had to unanimously "agree on what act constituted the basis of its verdict." This reliance is misplaced. Johnson acknowledges the prevailing rule that "`a general unanimity instruction will ensure that the jury is unanimous on the factual basis for a conviction, even where an indictment alleges numerous factual bases for criminal liability.'" Id. at 104, citing United Statesv. Beros (C.A.3, 1987), 833 F.2d 455, 460. Only in situations where "a single count [in the indictment] can be divided into two or more `distinct conceptual groupings'" is a more specific instruction required. Id. In this case, the victim's testimony in support of the gross sexual imposition count consisted of testimony that Huber "put his private area on her private area" and pressed up against the victim. While this activity allegedly occurred several times over the nearly five year period charged in the indictment, this activity was not divisible into more than one conceptual grouping. Id. at 104-105. Accordingly, concern about a "patchwork" verdict is not present in this case. See id. at 105.
 {¶ 11} The second assignment of error is overruled.
 {¶ 12} I. "THE TRIAL COURT ERRED AND VIOLATED THE DUE PROCESS CLAUSES TO THE STATE AND FEDERAL CONSTITUTIONS WHEN IT SENTENCED APPELLANT TO A GREATER TERM BASED IN PART ON FACTS FOR WHICH THE JURY REJECTED GUILTY VERDICTS."
 {¶ 13} Huber claims that the trial court erred in imposing a non-minimum prison term. The court based his sentence, in part, on its belief that recidivism was likely because the sexual abuse had occurred over a period of years. Huber claims that the trial court erred in basing his sentence on a pattern of abuse because he was only convicted on one count of gross sexual imposition. Huber also claims that the sentence was improper pursuant toBlakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403, because the court relied on "facts" that were not found by the jury, and that were arguably even rejected by the jury insofar as he was acquitted on other counts.
 {¶ 14} For purposes of sentencing, a trial court is entitled to take into account facts introduced at trial relating to other charges, even ones of which the defendant has been acquitted.State v. Wiles (1991), 59 Ohio St.3d 71, 77, 571 N.E.2d 97, citing United States v. Donelson (C.A.D.C. 1982), 695 F.2d 583;State v. Epley (Aug. 25, 1998), Franklin App. No. 97AP-1467, citing United States v. Watts (1997), 519 U.S. 148,117 S.Ct. 633, 136 L.Ed.2d 554. "Acquittal does not have the effect of conclusively establishing the untruth of all the evidence introduced against the defendant." U.S. v. Sweig (C.A.2, 1972),454 F.2d 181, 184. Thus, the trial court did not err in considering the pattern of abuse about which the state presented evidence, despite the fact that Huber was convicted of only one offense. We will presume that the other charged conduct of which Huber was not convicted but upon which the trial court relied was, in the court's judgment, established by a preponderance of the evidence. Watts, 519 U.S. at 157.
 {¶ 15} Huber also argues that the trial court's consideration of a fact not found by the jury, i.e., the evidence of other alleged sexual abuse, was improper. Although Huber has citedBlakely, he has not specifically challenged the trial court's use of the statutory scheme set forth in R.C. 2929.14. Rather, he challenges the court's consideration of such information at all.
 {¶ 16} The Supreme Court of Ohio recently considered the constitutionality of the statutory sentencing scheme in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 245 N.E.2d 470.Foster relied on Blakely in holding that parts of Ohio's felony sentencing scheme were unconstitutional because they "require[d] judicial factfinding before imposition of a sentence greater than the maximum term authorized by a jury verdict or admission of the defendant." Foster at ¶ 83. In other words,Foster and Blakely held that it was impermissible for the legislature to require factfinding by a judge, rather than a jury, for the purpose of enhancing the defendant's sentence.
 {¶ 17} Huber seems to argue, however, that under Blakely
the trial court should not have considered any charges of which the jury acquitted him. Blakely does not so hold, and such a holding could — if followed to its logical conclusion — prevent courts from considering any factor that was not proven beyond a reasonable doubt. Such a hearing would be far more restrictive than what current controlling authority permits. Watts, supra.
 {¶ 18} The first assignment of error is overruled.
 {¶ 19} The judgment of the trial court will be affirmed.
Fain, J. and Glasser, J., concur.
(Hon. George M. Glasser retired from the Sixth District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio).