[Cite as *State v. Herrell*, 2017-Ohio-7109.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                     Court of Appeals No. L-16-1173

      Appellee                                Trial Court No. CR0201601643

v.

Michael Herrell                                **DECISION AND JUDGMENT**

      Appellant                                Decided:  August 4, 2017

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Patricia Horner, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Michael Herrell, appeals the July 7, 2016 judgment of the Lucas County Court of Common Pleas, in which he was convicted, following a jury trial, of felonious assault in violation of R.C. 2903.11(A)(1) and (D), a felony of the second degree.  Finding no error, we affirm.

## Assignments of Error

{¶ 2} Appellant sets forth the following assignments of error:

    I.  APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

    II.  THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S CRIM.R. 29 (sic).

    III.  THE JURY INSTRUCTION ON FLIGHT WAS INCONSISTENT WITH THE FACTS AND EVIDENCE THUS VIOLATED DEFENDANT'S CONSTITUTIONAL RIGHT TO A FAIR TRIAL.

## Facts

{¶ 3} Appellant was indicted on a count of felonious assault, and the case proceeded to a jury trial.  At trial, the victim ("mother"), her daughter, and police officers testified.  The following facts are derived from the record.

{¶ 4} On March 12, 2016, appellant and the victim, who were married and living with the victim's 16 year-old daughter, were watching television in their apartment.  At around 9:00 p.m., the daughter went to sleep.  The daughter woke up the next day and, around 1:00 p.m., noticed that her mother had not come out of her room.  The daughter opened her mother's bedroom door to find her laying on the floor in a pool of blood.  The daughter went to the neighbor's apartment to call 911, having to unlock the door as she

left the apartment. Police arrived and the victim was transported to the hospital. The victim had no recollection of details surrounding the attack.

{¶ 5} In describing what she could remember at trial, the victim testified that she and appellant had an argument before she went to bed. She then fell asleep, but testified that she remembers hearing appellant on the phone as he left their apartment. She testified that her next memory was awakening to a man standing over her. She was unable to identify the man because it was too dark in the room. Based on her stated recollection, the man then repeatedly struck her in the head with a hammer. She testified the next thing she remembered, after getting hit with the hammer, was waking up in the hospital.

{¶ 6} The record reflects that, while being questioned at the hospital, she was very confused about what specifically happened. While there, her version of the story ranged from a car accident to falling down stairs. Based on the gathered evidence from the crime scene, her statements provided no reasonable explanation as to how she suffered her injuries, which included multiple wounds to the head and a broken arm.

{¶ 7} According to the investigation of the crime scene, a hammer smeared with blood, which had both appellant and the victim's DNA on it, was found underneath a mattress. Bloody clothes were found, as well as a letter from the victim to appellant written years before the incident. The letter mentioned past abuse of the victim, by appellant. Testimony of the responding officer established the contents of the letter, as follows:

3.

STATE: And Detective, what was the significance to your investigation in finding this letter in the victim's bedroom?

DETECTIVE: As I reviewed it, when I got into the letter it referred to ["]pushes me further away from you when you call me names and put your hands on me. I never thought you would do that. I went through that shit before and yeah, I don't want or need that. You have a short fuse and it scares the daylights out of me.["]

{¶ 8} The record also reflects there was nothing stolen or missing from the apartment that day, except for appellant's keys and a cellphone that typically stayed in the apartment. It was also noted on record that there was no evidence of forced entry.

{¶ 9} At trial, the judge gave jury instructions on "flight," and the jury found appellant guilty of felonious assault. Appellant was sentenced to seven years in prison, with a mandatory three years postrelease control to follow. Appellant appeals his conviction.

## Assignment of Error No. 1

{¶ 10} In the first assignment of error, appellant argues his conviction is against the manifest weight. Appellee contends the conviction is amply supported by the record.

{¶ 11} The standard of review for manifest weight is the same in a criminal case as in a civil case, and an appellate court's function is to determine whether the greater amount of credible evidence supports the conviction. *See Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 12, citing *State v. Thompkins*, 78 Ohio

4.

St.3d 380, 387, 678 N.E.2d 541 (1997). The appellate court, as if the "thirteenth juror" must review the record, weigh the evidence and all reasonable inferences drawn from it, consider the witnesses' credibility and decide, in resolving any conflicts in the evidence, whether the trier-of-fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *See State v. Leech*, 6th Dist. Lucas No. L-13-1156, 2015-Ohio-76, ¶ 32, citing *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶ 12} R.C. 2903.11(A)(1) states that "[n]o person shall knowingly * * * [c]ause serious physical harm to another." Moreover, "[i]dentity of the perpetrator of a crime can be proved by circumstantial evidence." *State v. Thompson*, 6th Dist. Lucas Nos. L-08-1208, L-09-1214, 2011-Ohio-5046, ¶ 71. "Circumstantial evidence is the proof of facts by direct evidence from which the trier of fact may infer or derive by reasoning other facts in accordance with the common experience of mankind." *State v. Dotson*, 6th Dist. Wood No. WD-15-060, 2016-Ohio-8085, ¶ 29, quoting *State v. McFeeture*, Cuyahoga No. 100434, 2015-Ohio-1814, ¶ 44.

{¶ 13} Here, based on circumstantial evidence, we find ample support for appellant's conviction on record. In specific, the daughter testified that the door to the apartment, which required a key to lock, was locked in the morning following the assault. There was no evidence of forced entry. These facts reasonably support that appellant was the only other individual to have been inside the apartment.

5.

{¶ 14} The record also reveals that appellant did not return to the apartment or see the victim or her daughter again until his trial. Appellee's disappearance and failure to contact could reasonably be perceived to show his consciousness of guilt. Further, appellant's DNA was found on the hammer used in the assault and the victim identified the assailant as a man, where appellant was the only man known to have been in the apartment. Lastly, the victim testified that appellant had, in the past, threatened to kill her if she ever left him. This testimony, coupled with the contents of the letter found at the crime scene, which mentions verbal and physical abuse, can reasonably show that appellant had a history of abusing the victim.

{¶ 15} Therefore, based on the testimony of the daughter, victim, and officers, along with the police reports and 911 call, we hold that the greater amount of credible evidence amply supports the verdict and judgment. This is not the exceptional case in which the evidence weighs heavily against the conviction.

{¶ 16} Accordingly, there is no indication the jury lost its way or otherwise created a manifest miscarriage of justice, and the first assigned error is found not well-taken.

**Assignment of Error No. 2**

{¶ 17} In the second assignment of error, appellant argues the trial court erred in denying his Crim.R. 29 motion because the conviction is not supported by sufficient evidence. Appellee contends there is sufficient evidence on record to support the conviction.

6.

**{¶ 18}** A Crim.R. 29 motion for acquittal is reviewed under the same standard as a sufficiency of the evidence claim. *State v. Hollstein*, 6th Dist. Lucas No. L-08-1184, 2009-Ohio-4771, ¶ 28. Whether there is sufficient evidence to support a conviction is a question of law. *Thompkins*, 78 Ohio St.3d at 386, 678 N.E.2d 541. In reviewing a challenge to the sufficiency of evidence, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Smith*, 80 Ohio St.3d 89, 113, 684 N.E.2d 668 (1997), quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. In making that determination, the appellate court will not weigh evidence or assess credibility of the witnesses. *State v. Walker*, 55 Ohio St.2d 208, 212, 378 N.E.2d 1049 (1978).

**{¶ 19}** Here, the circumstantial evidence presented is sufficient to show appellant knowingly caused serious physical harm to the victim. *See* R.C. 2903.11(A)(1). Specifically, in viewing the evidence favorably to the prosecution, it is reasonable to find that appellant was the man who repeatedly struck the victim with a hammer. Moreover, the record reflects that this infliction of harm caused multiple puncture wounds to her head, along with a broken arm and other fractures. We hold that any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

**{¶ 20}** Accordingly, the evidence is legally sufficient and the second assigned error is not well-taken.

7.

**Assignment of Error No. 3**

{¶ 21} In his third assignment of error, appellant argues the jury instructions regarding his alleged "flight," after committing the crime, were given in error because there was no basis on record. Appellee contends the jury instructions given were applicable to the facts of the case.

{¶ 22} A jury instruction "must be viewed in the context of the overall charge." *State v. Price*, 60 Ohio St.2d 136, 398 N.E.2d 772 (1979), paragraph four of the syllabus. "[O]nly those instructions which are applicable to the facts of the case should be given." *Avon Lake v. Anderson*, 10 Ohio App.3d 297, 299, 462 N.E.2d 188, 190 (9th Dist.1983).

{¶ 23} We review a trial court's decision to grant or refuse requested jury instructions for an abuse of discretion. *State v. Wolons*, 44 Ohio St.3d 64, 68, 541 N.E.2d 443 (1989). To find an abuse of discretion, there must be a showing that "the court's attitude is unreasonable, arbitrary or unconscionable." *State v. Endicott*, 99 Ohio App.3d 688, 693, 651 N.E.2d 1024 (6th Dist.1994).

{¶ 24} This court has stated that "a jury instruction on flight is appropriate if there is sufficient evidence in the record to support the charge." *State v. Johnson*, 6th Dist. Lucas No. L-03-1206, 2005-Ohio-1222, ¶ 14. "Flight means some escape or affirmative attempt to avoid apprehension. It can take form of fleeing from the police or eyewitnesses, to changing or disguising one's physical characteristics after the fact." *State v. Wesley*, 8th Dist. Cuyahoga No. 80684, 2002-Ohio-4429, ¶ 19, citing *United States v. Felix-Gutierrez*, 940 F.2d 1200, 1207 (9th Cir.1991). Changing clothes is

8.

enough to satisfy the changing of one's appearance. *State v. Braylock*, 6th Dist. Lucas No. L-08-1433, 2010-Ohio-4722, ¶ 38. "There is no support * * * that an individual must run away or leave the scene rapidly in order for his actions to constitute flight." *Johnson* at ¶ 17.

{¶ 25} Here, appellant left the scene of the crime, which was his home, and did not return the following morning or anytime during the police investigation of the crime. The door was locked after appellant's departure and the family's phone was taken to presumably prevent a call to authorities. Further, appellant's bloody clothes were found in the bedroom, which reasonably suggests that appellant changed his clothes after committing the assault in an effort to avoid detection.

{¶ 26} The jury instructions, with regard to flight, stated as follows:

If you find from the evidence that the defendant fled the scene to avoid arrest or prosecution, such conduct may be considered by you as circumstances tending to show a consciousness of guilt. However, such conduct is not sufficient by itself to prove guilt and its weight and significance, if any, are matters for your determination.

{¶ 27} Therefore in light of the evidence on record, we find that in the context of the overall charge, the relevant instructions were indeed applicable to the facts of the case.

{¶ 28} Consequently we find no abuse of discretion, as the jury instructions given did not violate appellant's rights. The third assignment of error is not well-taken.

9.

## Conclusion

**{¶ 29}** For the foregoing reasons, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.         _____
                                                         JUDGE

Arlene Singer, J.             

                                                     _____

Christine E. Mayle, J.                                JUDGE
CONCUR.

                                                     _____
                                                         JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.