OPINION
{¶ 1} Eric L. Herron was found guilty by a jury in the Montgomery County Court of Common Pleas of two counts of rape, one count of kidnapping, and one count of disrupting public services. He was sentenced to five years for each of the rapes, to five years for the kidnapping, and to twelve months for the disruption of public services, with the sentences to be served concurrently. Herron appeals from his conviction.
 {¶ 2} The victim of the alleged offenses was Herron's wife of eighteen years. According to the state's evidence, on the night of September 28, 2004, Herron and the victim had been out with some of Herron's co-workers. Herron had had a significant amount to drink due in part to some work-related stress. After they came home, the victim went to bed and Herron remained in the living room. A short time later, the victim heard a loud crashing sound and went to investigate. She found that Herron had put a large hole in a wall and had smashed one of the kitchen chairs onto a table. Herron then turned to his wife and informed her that she would not be leaving the house that night or the next day. He took the batteries out of the phone and closed the blinds, which scared the victim. Herron then informed her that they were going to have sex "for the last time" and that he was "going to fuck [her] in the asshole."
 {¶ 3} According to the victim, Herron vaginally raped her on the couch despite her attempts to keep her legs together. They then moved to the bedroom. Although Herron did not physically compel the victim to go to the bedroom, she testified that she did not feel that she had any choice or that she could leave. In the bedroom, Herron again vaginally raped the victim while gripping her very tightly. While they struggled, the victim grabbed a phone and attempted to dial 9-1-1, but Herron took the phone and threw it across the room. When she screamed, he got up to close a bathroom window. He then anally raped her.
 {¶ 4} At trial, Herron admitted putting a hole in the wall and breaking a kitchen chair, but he denied raping the victim. In fact, he claimed that the rapes were a physical impossibility because he suffered from erectile disfunction.
 {¶ 5} After a four-day trial, the jury found Herron guilty of two counts of rape, kidnapping, and disrupting public services. He was acquitted on the third count of rape. He was sentenced as described supra and was designated a sexually oriented offender.
 {¶ 6} Herron raises one assignment of error on appeal.
 {¶ 7} "THE TRIAL COURT COMMITTED PLAIN ERROR BECAUSE IT DID NOT INSTRUCT THE JURORS THAT THEY HAD TO UNANIMOUSLY AGREE ON THE PARTICULAR ACT JUSTIFYING EACH RAPE COUNT, AND THEREFORE APPELLANT WAS DENIED HIS FEDERAL CONSTITUTIONAL RIGHT TO A JURY TRIAL."
 {¶ 8} Herron claims that the trial court erred in failing to instruct the jury that it had to agree on the act underlying each count of rape in order to convict him. Herron recognizes that he must show plain error because he failed to object to the absence of such an instruction at trial. Plain error does not exist unless it can be said that, but for the error, the outcome of the trial clearly would have been different. State v. Moreland
(1990), 50 Ohio St.3d 58, 62, 552 N.E.2d 894.
 {¶ 9} The prevailing rule is that "`a general unanimity instruction will ensure that the jury is unanimous on the factual basis for a conviction even where an indictment alleges numerous factual bases for criminal liability.'" State v. Johnson
(1989), 46 Ohio St.3d 96, 545 N.E.2d 636, quoting United Statesv. Beros (C.A.3, 1987), 833 F.2d 455, 460.
 {¶ 10} The victim's testimony recounted at least three instances of rape: a vaginal rape on the couch in the living room, a vaginal rape in the bedroom, and an anal rape in the bedroom. Although Herron was convicted of only two counts, we cannot clearly determine that the jury was not unanimous as to what specific activity constituted each of the two rapes of which he was found guilty. In other words, we cannot conclude that, had a more specific instruction on unanimity been given, the outcome of the trial of the rape charges clearly would have been different. State v. Underwood (1983), 3 Ohio St.3d 12, 13,444 N.E.2d 1332; State v. Huber, Clark App. No. 2005-CA-45,2006-Ohio-3514. As such, we find no plain error.
 {¶ 11} Herron's assignment of error is overruled.
 {¶ 12} The judgment of the trial court will be affirmed.
Brogan, J. and Valen, J., concur.
(Hon. Anthony Valen retired from the Twelfth District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio).